FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARTEM F., <br><br>  Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY,[1] <br><br>  Defendant. | No. 2:20-cv-00310-SMJ <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 21, 22. Attorney Lora Stover represents Artem F. (Plaintiff); Special Assistant United States Attorney Thomas Elsberry represents the Commissioner of Social

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court grants in part Plaintiff's Motion for Summary Judgment, denies Defendant's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 13, 2018, alleging disability since October 31, 2013[2], due to bipolar disorder and depression. Tr. 100-01. The applications were denied initially and upon reconsideration. Tr. 158-61, 165-70. A hearing was initially scheduled for May 2, 2019, which Plaintiff failed to appear for, and an Administrative Law Judge (ALJ) dismissed the claim on May 10, 2019. Tr. 38-42. A different ALJ vacated the dismissal on June 5, 2019, after receiving word from Plaintiff that he had had a panic attack on the day of the initial hearing. Tr. 36-37. That ALJ held a hearing on October 18, 2019, Tr. 43-73, and issued an unfavorable decision on January 7, 2020, Tr. 15-317-272. Plaintiff requested review by the Appeals Council, which denied Plaintiff's request for review on August 5, 2020. Tr. 1-5. The ALJ's January 2020 decision thus became the final decision of the

---

[2] Plaintiff later amended his alleged onset date to October 12, 2016, due to a prior unfavorable ALJ decision on a prior application. Tr. 46-47.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 2

Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 28, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1983 and was 32 years old as of his amended alleged onset date. Tr. 30. He has a high school education and some college work. Tr. 590. He has worked in telemarketing, assembly, customer service, and caregiving. Tr. 59, 470. In 2014, he had a manic episode that resulted in hospitalization. Tr. 51, 861. Since that time, he has continued to receive treatment for his mental health, primarily through medication management, with a few emergency visits for suicidal or other disturbing thoughts. Tr. 51, 404, 457, 462, 470, 877-84.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 3

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to

show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On January 7, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: bipolar disorder I and delusional disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at all exertional levels with the following limitations:

> Regarding mental abilities, the claimant has the ability to understand, remember or apply information that is simple and routine, commensurate with SVP 2.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 5

>Regarding interaction with others, the claimant would work best in an environment in proximity to, but not close cooperation, with co-workers and supervisors, and would work best in an environment away from the public.
>
>Regarding the ability to concentrate, persist or maintain pace, the claimant has the ability, with legally required breaks, to focus attention on work activities and stay on task at a sustained rate; complete tasks in a timely manner; sustain an ordinary routine; regularly attend work; and work a full day without needing more than the allotted number or length of rest periods.
>
>Regarding the ability to adapt or manage, the claimant would work best in an environment that is routine and predictable, low stress, but does have the ability to respond appropriately, distinguish between acceptable and unacceptable work performance; or be aware of normal hazards and take appropriate precautions.

Tr. 21.

At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a production assembler. Tr. 25.

Alternatively, at step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of office cleaner and collator operator. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating Plaintiff's credibility; and (2) issuing an RFC that did not account for all of Plaintiff's limitations.[3]

**DISCUSSION**

**1.  Plaintiff's Subjective Statements**

Plaintiff contends the ALJ erred by improperly rejecting his subjective statements. ECF No. 21 at 12-14.

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent

---

[3] Plaintiff lists other errors in the "Issues" statement of his brief, but the remaining issues were not separately briefed, and are included as results of the ALJ's assessment of Plaintiff's subjective statements and formulation of the RFC.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 7

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23.

The ALJ found Plaintiff's allegations to be inconsistent with the objective medical evidence. *Id.* An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because it is unsupported by objective evidence). "[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual

functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). The ALJ's summary of Plaintiff's treatment records, including the relatively normal mental status exams and the absence of significant episodes of hallucinations or delusions, does not on its own constitute a clear and convincing basis to discount Plaintiff's testimony of varying levels of depression and motivation.

Defendant argues that the ALJ's discussion addressed inconsistencies, as well as noted that Plaintiff responded well to treatment and that treatment was effective. ECF No. 22 at 3-6. The Court does not find this re-framing of the ALJ's discussion to be persuasive, as the only specific rationale offered by the ALJ regarding Plaintiff's allegations was that they were inconsistent with the objective medical evidence, followed by a discussion of that evidence. Tr. 23. A lack of support from the objective evidence alone is an insufficient basis upon which to discount a claimant's subjective allegations. Upon remand, the ALJ will reevaluate Plaintiff's testimony.

**2.    Other Issues**

Plaintiff additionally argues that the RFC does not account for all of his mental limitations, and thus the testimony from the vocational expert was not persuasive and the job findings at steps four and five are not accurate. ECF No. 21 at 14. Because the ALJ erred in assessing Plaintiff's subjective complaints, on remand the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 9

ALJ will reconsider each of the steps of the sequential evaluation process, making additional findings.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). Here, the Court finds that further development is necessary and declines to remand for an award of benefits.

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 21**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 22**, is **DENIED**.

**3.** The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

**4.** The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge